





PRICE

COUNTY OF SAN DIEGO

TB    6/17/97    14:45
3:94-CV-01917
*105*
*P/A.*

```
 1  JOHN J. SANSONE, County Counsel (State Bar No. 103060)
    County of San Diego
 2  DIANE BARDSLEY, Chief Deputy (State Bar No. 81525)
    By RICKY R. SANCHEZ, Deputy (State Bar No. 107559)
 3  1600 Pacific Highway, Room 355
    San Diego, California 92101-2469
 4  Telephone (619) 531-4874

 5  Attorneys for Defendants County of San Diego, Jim Roache, John
         Groff, Steven Clause, Mark Talley and Samuel Sheppard
```

FILED
JUN 16 1997

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANN PRICE, et al., | ) | No. 94-1917-R(AJB) |
| Plaintiffs, | ) ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF IN LIMINE |
| v. | ) ) | MOTION TO EXCLUDE SHERIFF DEPARTMENT DOCUMENTATION REGARDING |
| COUNTY OF SAN DIEGO, et al., | ) ) | ITS EVALUATION OF THE CITY OF SAN DIEGO'S IN-CUSTODY DEATH TASK FORCE |
| Defendants. | ) ) ) | REPORT |
| | ) | [In Limine Motion 5 of 10] |

Haring Date: July 14, 1997
Time: 10:30 a.m.
Place: Courtroom 5
Trial Date: July 28, 1997

Plaintiffs have marked as Exhibits 61, 67, 68, 69, 70, 71, 72 and 73 Sheriff's Department's documents containing departmental personnel's review of the City of San Diego's In-Custody Death Task Force Report. Said materials are irrelevant under Federal Rules of Evidence, rule 402, and inadmissible under Federal Rules of Evidence, rule 501, being privileged documents containing evaluations for purposes of potential policy revisions regarding the hog-tie restraint. Additionally, the documents constitute hearsay. F.R.E., rule 802.

The documents generated within the Sheriff's Department were to address the issue of possible suffocation resulting from hog-tied arrestees. As such, they were intended to address whether revision of Sheriff's Department policies was necessary to enhance safety concerns. The documents are inadmissible as materials generated in connection with the potential adoption of subsequent remedial measures. F.R.E., rule 407. They are also inadmissible under the self-critical analysis privilege and deliberative process privilege. *Federal Trade Commission v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) [Government may withhold documents that reflect advisory opinions, recommendations and deliberations comprising a part of a process by which government decisions and policies are formulated.] *See also Granger v. National Railroad Passenger Corp.*, 116 F.R.D. 507 (E.D.Pa. 1987) at 508-09 [Prohibiting disclosure of employer's equal opportunity goals, policies and affirmative action plans.]

In deciding whether the foregoing privileges may be overridden, the first consideration is the relevancy of the evidence. *Federal Trade Commission*, 742 F.2d at 1161. The identified exhibits are irrelevant because there is no proof of the preliminary fact that the hog-tie restraint is in fact physiologically adverse and causes asphyxiation. Plaintiffs may submit the evidence as proof that defendants had notice of the restraint's danger, however, plaintiffs' tender assumes that the restraint was in fact dangerous. The preliminary fact of the restraint's dangerousness and adversity must first be proven before documents may be used in any respect in this matter. F.R.E., rules 104(b), 402, 403. To admit the evidence without establishment of that preliminary fact wrongfully gives rise

1 | to inferences regarding the dangers associated with the hog-tie
2 | restraint and irrevocably prejudices the defendants. F.R.E., rule
3 | 403. Based upon the foregoing, said documents should be excluded at
4 | trial.

5 | DATED: 6/16/97

Respectfully submitted,

JOHN J. SANSONE, County Counsel
DIANE BARDSLEY, Chief Deputy

By _____
RICKY R. SANCHEZ, Deputy
Attorneys for Defendants County of
San Diego, Jim Roache, John Groff,
Steven Clause, Mark Talley and
Samuel Sheppard

H:\WP\RRS\PRICE\LIMINE.005

-394-CV-1917-R(AJB)