US DISTRICT COURT INDEX SHEET






PRICE

COUNTY OF SAN DIEGO

TB    7/3/97    3:46
3:94-CV-1917
*135*
*OPPM*

JOHN J. SANSONE, County Counsel (State Bar No. 103060)
County of San Diego
DIANE BARDSLEY, Chief Deputy (State Bar No. 81525)
By RICKY R. SANCHEZ, Deputy (State Bar No. 107559)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone (619) 531-4874

Attorneys for Defendants County of San Diego, Jim Roache, John Groff, Steven Clause, Mark Talley and Samuel Sheppard

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN PRICE, et al. | No. 94-1917-R(AJB) |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' IN LIMINE MOTION TO EXCLUDE UCSD STUDY AND EXPERT TESTIMONY OF THOMAS NEWMAN, M.D. |
| v. | |
| COUNTY OF SAN DIEGO, et al., | |
| Defendants. | [1 OF 7] |
| | Hearing Date: October 6, 1997<br>Time: 10:30 a.m.<br>Place: Courtroom 5<br>Trial Date: November 4, 1997 |

The testimony of Thomas Neuman, M.D., and the UCSD pulmonology study are admissible under Federal Rules of Evidence 702, 703 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311 (9th Cir. 1995). In the present matter, the defendants' expert scientific evidence will enable the trier of fact to decide the issue of decedent's cause of death. Decedent Daniel Price ("Price"), died two days after he violently confronted deputies and was placed in a hogtie. Plaintiffs contend that Price died from asphyxiation induced by the hogtie. The seminal issue in this case is whether the hogtie causes asphyxiation. Absent such causation there is no liability for

wrongful death because plaintiff will be unable to attribute the death to any police tactic. As fully discussed in the County's summary judgment memorandum dated September 3, 1996, at page 4, even plaintiffs' police procedures expert concedes that the force used to control Price was necessary and reasonable. The sole criticism of the officers was tied to their use of the hogtie restraint.

To be admissible as evidence, expert scientific testimony must reflect scientific knowledge having been derived by the scientific method such as to amount to good evidence, and advance a material aspect of the case. In determining whether the scientific evidence is reliable the courts consider a multitude of factors such as whether the expert is testifying about a matter within his expertise, whether the expert's theory is generally accepted within the scientific community, whether the expert's methodology for any experiment utilized to advance his opinions was generally accepted in the scientific community, whether the expert's findings were subject to peer review for validation, and whether the expert's opinion is based on work with a known or potential rate of error which is acceptable. *Id.* at 1315. The defendants' evidence satisfies all of *Daubert's* requirements.

The study has been subjected to intense peer review. In addition to the study's review by the UCSD Medical Center's Human Subject's Committee, which was discussed in the County's September 3, 1996, memorandum of points and authorities in support of summary judgment motion at page 11, in May 1997, the study was presented at the annual Society for Academic Emergency Medicine conference in Washington, D.C. An abstract of the study was published in the journal of Academic Emergency Medicine, Vol. 4, No. 5. A complete copy of the UCSD study

has been accepted and edited for publication in the Annals of Emergency Medicine. Recently, in the spring of 1997, plaintiffs' expert, Donald Reay, M.D., who promulgated the hypothesis that the hogtie precipitates asphyxiation, contacted defendants' expert Dr. Neuman and acknowledged that the UCSD study was authoritative. Submitted herewith is an audiotape of Dr. Reay's voice-mail message to Dr. Neuman wherein Dr. Reay concedes that his prior work on positional asphyxia has been refuted by the UCSD study. Dr. Reay has also asked Dr. Newman's permission to cite the study in an article Dr. Reay anticipates writing which acknowledges that the hogtie is a physiologically neutral restraint.[1]

Relative to the study's methodology, plaintiffs have had ample opportunity to critique the UCSD study, but they <u>still make no adverse comment about its scientific methodology or accuracy</u> or even Dr. Neuman's credentials to testify about the involved pulmonological issues. Dr. Reay's declaration dated September 24, 1996, does not challenge the propriety of the UCSD study. Indeed, since that declaration, Dr. Reay has conceded that the UCSD study has refuted his positional asphyxia hypothesis and desires to cite it in an article wherein he will retract his posture on the hogtie by describing it as a neutral restraint.

Under the auspices of the University of California San Diego Medical Center, Dr. Neuman conducted a study to ascertain the effect, if any, of the hogtie on respiration and pulmonary gas exchange. This was done because asphyxiation is defined as a decrease in arterial

---

[1] Dr. Reay's admission that his work on the hogtie has been refuted constitutes the kind of subsequently developed evidence that would warrant reconsideration of defendants' summary judgment motion.

blood oxygen with a corresponding increase in carbon dioxide. That study, is the first to collect pulmonological data specifically addressing the merits of Dr. Reay's causation hypothesis. The study showed there is absolutely no physiological evidence that the hogtie restraint reduces oxygen and increases carbon dioxide levels. The study demonstrated the hogtie's effects on ventilation had no clinical import because there is no interference with pulmonary gas exchange function and the measurements remained within normal range. The study also demonstrated that pulmonary gas exchange improved with exercise, and even while subjects were in the prone position while hogtied.

UCSD's study on the subject thus revealed that Dr. Reay's work on hogtying and asphyxiation suffered from three fundamental errors. First, Dr. Reay did not spirometrical assessment of his subjects. He therefore had no foundational basis upon which to say how much the hogtie restraint interferes with ventilation (breathing) or whether the restraint had any impact of blood gas exchange. Second, Reay reported that oxygen saturation dropped with exercise. He could not explain this anomaly which is inconsistent with Comroe's medical text book on respiratory physiology which teaches arterial blood oxygen levels actually _increase_ with exertion. Third, although Dr. Reay acknowledged that arterial PO2 measurements are the only accurate way to ascertain true oxygen saturation levels, he never measured arterial PO2 levels in the subjects he used to illustrate his hypotheses.

Plaintiffs argue that the study and testimony are inadmissible because they involve an experiment that did not duplicate the exact

That UCSD's study does not duplicate the circumstances of Price's encounter with the deputies is not determinative of its admissibility. Substantial similarity goes to the weight to be given to the evidence not its admissibility. *Randall, supra* at 1234.

The defendants' scientific evidence shows plaintiffs' contention that death resulted from hogtie induced asphyxia is not based on sound medical principles. This is what the UCSD study addressed and irrefutably established. Pursuant to Federal Rules of Evidence 402, 702, 703 and *Daubert*, the study and Dr. Neuman's testimony are admissible. Plaintiffs' motion to exclude that evidence should be denied.

DATED: June 30/97      Respectfully submitted,

JOHN J. SANSONE, County Counsel
DIANE BARDSLEY, Chief Deputy

By /s/
RICKY R. SANCHEZ, Deputy
Attorneys for Defendants County of San Diego,
Jim Roache, John Groff, Steven Clause,
Mark Talley and Samuel Sheppard

```
 1  JOHN J. SANSONE, County Counsel (State Bar No. 103060)
    County of San Diego
 2  DIANE BARDSLEY, Chief Deputy (State Bar No. 81525)
    By RICKY R. SANCHEZ, Deputy (State Bar No. 107559)
 3  1600 Pacific Highway, Room 355
    San Diego, California 92101-2469
 4  Telephone (619) 531-4874

 5  Attorneys for Defendants County of San Diego, Sheriff Jim Roache,
        John Groff, Steven Clause, Mark Talley and Samuel Sheppard
 6

 7

 8                 IN THE UNITED STATES DISTRICT COURT

 9               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANN PRICE, an individual; et al., )   No.  94-1917-R(AJB)
                                      )
12          Plaintiffs,                )   DECLARATION OF SERVICE BY MAIL
                                      )
13     v.                              )
                                      )
14  COUNTY OF SAN DIEGO; et al.        )
                                      )
15          Defendants.                )
                                      )
16  _____)

17      I, ANA DOMINGUEZ, declare that:  I am over the age of eighteen

18  years and not a party to the case; I am employed in, or am a resident

19  of, the County of San Diego, California where the mailing occurs; and

20  my business address is:  1600 Pacific Highway, Room 355, San Diego,

21  California.

22      I further declare that I am readily familiar with the business

23  practice for collection and processing of correspondence for mailing

24  with the United States Postal Service; and that the correspondence

25  shall be deposited with the United States Postal Service this same day

26  in the ordinary course of business.

27  ///

28  ///
```

1  I caused to be served the following document(s):

2  1. MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO IN LIMINE MOTION TO EXCLUDE UCSD PULMONOLOGY STUDY AND EXPERT TESTIMONY OF THOMAS NEWMAN, M.D. [1 OF 7];

2. NOTICE OF LODGEMENT IN SUPPORT OF OPPOSITION TO IN LIMINE MOTION TO EXCLUDE UCSD PULMONOLOGY STUDY AND EXPERT TESTIMONY OF THOMAS NEWMAN, M.D. [1 OF 7];

3. MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' IN LIMINE MOTION TO EXCLUDE PSYCHOLOGICAL RECORDS AND TESTIMONY [2 OF 7];

4. DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' IN LIMINE MOTION TO EXCLUDE DRUG USE EVIDENCE [3 OF 7];

5. MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO EXCLUDE COLLATERAL SOURCES [4 OF 7];

6. MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' IN LIMINE MOTION TO EXCLUDE EVIDENCE OF PLAINTIFFS' POLICE PROCEDURES EXPERTS' EARNINGS AND DISCIPLINE [5 of 7]

7. MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' IN LIMINE MOTION TO EXCLUDE EVIDENCE OF PRE-INCIDENT LAW ENFORCEMENT INVESTIGATION [6 of 7];

8. MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' IN LIMINE MOTION TO EXCLUDE EXPERT OPINION TESTIMONY OF DR. JAMES OTOSHI [7 of 7];

by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

    Charles R. Woods, Esq.
    TROST, STREET, WOODS & MESSINA
    1202 Kettner Boulevard, Ste. 4300
    San Diego, California 92101
    (619) 233-7633

I then sealed each envelope and, with the postage thereon fully prepaid, I placed each for deposit in the United States

///

///

///

Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 30, 1997

*Ana Dominguez*
ANA DOMINGUEZ